UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20072-CIV-KING
(09-20264-CR-KING)

NIKO THOMPSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/



FILED by _____ D.C.
OCT 27 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

## PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.PRO. RULE 60(b) & INCORPORATED MEMORANDUM OF LAW

**COMESNOW**, Niko Thompson ("Petitioner") pro-se, in the above styled cause, and respectfully moves this Honorable Court for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b)(2), (3), and (6). In support thereof, states the following:

### JURISDICTION

Rule 60(b) provides that, on motion and just terms, the court may relieve a party or its legal representation from a final judgment, order, or proceeding for the following reasons... (2) newly discovered evidence... (3) fraud, misrepresentation, or other misconduct of an adverse party... (6) any other reason justifying relief from the operation of the judgment.

### TIMELINESS

The motion shall be made within a reasonable time, and for reasons (2) & (3), not more than one year after the judgment, order, or proceeding was entered or taken. This 60(b) motion is timely because it is being filed within one year

of Petitioner obtaining newly discovered evidence of either his counsel's and/or government's misrepresentation or misconduct during his §2255 proceeding.

### PROCEDURAL HISTORY

Petitioner filed his initial §2255 motion [Cv-DE #1], and amendment thereto [Cv-DE #4]. The Government filed a Response to Petitioner's §2255 motion.

Magistrate Judge Patrick A. White conducted a evidentiary hearing, and issued a Report and Recommendation that Petitioner's motion be denied [Cv DE #28]. Over Petitioner's Objections this Court adopted the Magistrate Judge's R&R in its entirety and denied Petitioner's §2255 motion.

### ARGUMENT

Here Petitioner asserts that this Court should reopen the judgment on Petitioner's initial §2255 motion pursuant to Fed.R.Civ.P. Rule 60(b). Specifically, asserting that the government and/or his counsel committed "fraud, misrepresentation, or misconduct" under Rule 60(b)(3), when they asserted in the initial §2255 case that Petitioner's prior conviction in case number F97-34123 was for a "guilty plea" and not a "no contest plea" as Petitioner had stated. See [DE #28:24]. However, this contention by counsel and the government was disingenuous. See copy of State Court's Order reflecting that Petitioner plea was in fact was for "no contest" with adjudication withheld, as Petitioner had maintain it was, attached as Exhibit "A".

Thereby, Petitioner further asserts that this misrepresentation created a defect in the integrity of the initial collateral proceeding, and thus, the Court should revisit that judgment. See e.g. **SCOTT v. UNITED STATES**, 81 F.Supp. 3d 1326 (M.D. Fla, 2015).

The Supreme Court has provided instruction on how to construe prisoners' claim under Rule 60. See **GONZALEZ v. CROSBY**, 545 U.S. 524 (2005). If the Rule 60 motion seeks to add a new ground for relief from the underlying conviction, or attacks the district court's resolution of an initial §2255 motion on the merits, then a court should consider the Rule 60(b) motion a "second or successive" motion to vacate. But "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of claim on the merits, but some defect in the integrity of the federal habeas proceedings," a court should not consider the Rule 60(b) motion to be a "second or successive" motion to vacate. Id.

Here, Petitioner does not attempt to add a new claim for relief, nor does he challenge the Court's reasoning for its decision on the initial motion to vacate. Instead, Petitioner asserts that either the government and/or his counsel made misrepresentations to the court during his initial §2255 proceeding, which was that his plea in case number F97-34123 was a guilty plea, instead of a plea of no contest, as maintained by Petitioner, when in fact, Petitioner's plea was a no contest plea. See Exhibit "A" attached. Thus, this mispresentation by the government and/or counsel corrupted


the Court's judgment on his ineffective assistance of counsel claim.

**The merits of Petitioner's Rule 60(b)(3) motion.**

To succeed on a Rule 60(b)(3) motion, a party must prove by clear and convincing evidence that the adverse party obtained the verdict through, fraud, misrepresentation, or other misconduct. See **FREDERICK v. KIRBY TANKSHIPS, INC.**, 205 F.3d 1277, 1287 (11th Cir. 2000). Additionally, the movant must show "that the conduct prevented the losing party from fully and fairly presenting his case of defense." **FREDERICK**, 205 F.3d at 1287. However, Rule 60(b)(3) "does not require that the information withheld be of such nature as to alter the results in the case." See **ROZIER v. FORD MOTOR CO.**, 573 F.2d 1332 (5th Cir. 1978). More importantly, misrepresentation and misconduct are separate grounds for relief under Rule 60(b)(3) apart from fraud, and neither necessitates showing purposeful misconduct or malice. See **UNITED STATES v. ONE (1) DOUGLAS A-26B AIRCRAFT**, 662 F.2d 1372, 1375 n.6 (11th Cir. 1981).

Applying the law to this case, Petitioner's asserts that he has shown by clear and convincing evidence that, during his initial §2255 proceeding, that the government and/or his counsel inaccurately represented that his prior plea in case number F97-34123 was for a plea of guilty, instead of a no contest plea as was maintain by Petitioner, and prove to be a no contest plea, as verified and correctly stated in Petitioner's State Court's Order denying him Post Conviction Relief. See Exhibit "A" attached.

Therefore, the only remaining question is whether the misrepresentation prevented Petitioner from fully and fairly presenting his case for post-conviction relief. Here, Petitioner asserts that this misrepresentation prohibited him from fully presenting his claim of counsel deficient performance during his plea negotiations, and/or from presenting a claim of actual innocence of his ACCA, and establishing his sentence of 15 years exceeds the statutory maximum sentence allowed by statute, which if left alone would be a miscarriage of justice.

Thus, had the government and/or Petitioner's counsel accurately represented that his plea was a no contest plea, it is likely the Court would not have denied Petitioner's initial §2255 motion, without amending his ACCA enhanced sentence. Thereby, Petitioner asserts that he has met his burden of showing that the government and/or his counsel's misrepresentation prevented him from fully and fairly presenting his case for post-conviction relief.

In sum, Petitioner has successfully shown that the Order denying his initial §2255 motion, was obtained as the result of misrepresentation, and that Order should therefore be vacated and the case reopened, pursuant to Rule 60(b)(3).

## CONCLUSION

WHEREFORE, Petitioner prays this Court grant the instant Rule 60(b) motion, and vacate the denial of Petitioner's §2255 motion, and given any other relief this Court deems just and proper.

Respectfully Submitted,

*Niko Thompson*
NIKO THOMPSON   PRO-SE

## DECLARATION OF DEPOSIT

I hereby verify and affirm under the penalty of perjury, pursuant to Title 28 U.S.C. §1746, that Petitioner's Fed.R.Civ.P Rule 60(b) motion, which pursuant to **HOUSTON v. LACK**, 487 U.S. 266 (1988), is deemed to be filed at the time it was delivered to prison authority for forwarding to the court. I placed the above reference material in a sealed envelope with First Class Postage affixed, addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128

and deposited the envelope in the proper prison authority's hand to be delivered for collection and mailed via the U.S. Postal Service on this 24th day of October, 2016.

Respectfully Submitted

*Niko Thompson*
NIKO THOMPSON   PRO-SE

EXHIBIT "A"

STATE COURT'S ORDER

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA,  Case No. F97-34123
    *Plaintiff,*  Section No. 7
vs.  Judge Miranda

~~Niko Thompson,~~
    *Defendant*

FILED
AUG 1 0 2016
CLERK

**ORDER DENYING MOTION FOR POST CONVICTION RELIEF**

THIS CAUSE having come before this Court on the defendant, Niko Thompson's motion and this Court having reviewed the motion, the court files and records in this case, and being otherwise fully advised in the premises therein, hereby denies the defendant's motion on the following grounds:

The defendant pled no contest to the charge of Aggravated Assault with a Deadly Weapon and Battery on February 24, 1999. The defendant received a withhold of adjudication and was sentenced to one year of reporting probation. Seventeen years later the defendant files this motion to vacate his plea under Florida Rule of Criminal Procedure 3.850.

    The defendant alleges newly discovered evidence and has attached to his motion an affidavit of the victim in the case. The Florida Supreme Court has held that in reviewing a postconviction claim of newly discovered evidence, a trial court is required to consider all newly discovered evidence which would be admissible at trial and then evaluate the weight of both the newly discovered evidence which would be admissible at trial and the evidence which was introduced at trial Kokal v. State, 901 So.2d 766 (Fla. 2005). To obtain relief on a claim of newly discovered evidence, the defendant must demonstrate: (1) that the newly discovered evidence was unknown to the defendant or his counsel at the time of trial and could not have been discovered through due diligence and : (2) that the evidence is of such a nature that it would probably produce an acquittal upon retrial. See Mills v. State, 786 So.2d 547, 549 (Fla. 2001); Jones v. State, 709 So.2d 512, 521 (Fla. 1998). In reviewing the affidavit, the victim does not state why she is providing this information now – seventeen years later. There is no explanation in the defendant's motion of how this communication arose or what efforts were made to obtain this information sooner. Regardless, the affidavit itself certainly does not lay out evidence that would probably produce an acquittal upon

retrial. The victim clearly states that on September 7, 1997, the defendant tried to run her over with his vehicle "several times" and assaulted her. At best the affidavit states that she may have "over exaggerated" the incident but never avers it didn't happen or who was the party involved.

Lastly, since this case involved a plea rather than a trial, the Supreme Court in <u>Williams,</u> held that a defendant should be allowed to withdraw a guilty or nolo contendere plea when the defendant proves the withdrawal is necessary to correct a manifest injustice. <u>Williams v. State,</u> 316 So.2d 267 (Fla. 1975). The burden to prove a manifest injustice is placed on the defendant.

Since the victim's affidavit confirms confirms that the defendant committed the crimes he pled to under either the <u>Jones</u> or <u>Williams</u> standard, the defendant fails to meet his burden.

ORDERED AND ADJUDGED that the Defendant's motion is hereby DENIED.

The defendant, Niko Thompson, is hereby notified that he has the right to appeal this order to the District Court of Appeal of Florida, Third District within thirty (30) days of the signing and filing of this order.

In the event that the defendant takes an appeal of this order, the Clerk of this Court is hereby ordered to transport, as part of this order, to the appellate court the following:

1. Motion for Post Conviction Relief.
2. State's response.
3. This order.

DONE AND ORDERED at Miami, Miami-Dade County, Florida, this the ___10th___ day of ~~July~~ August, 2016.

Cristina Miranda
CIRCUIT JUDGE

DAVA J. TUNIS
CIRCUIT COURT JUDGE

cc: Lara H. Penn

I CERTIFY that a copy of this order has been furnished to the MOVANT, Niko Thompson by mail this ___10th___ day of ___August___, 20_16_.

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY...
original on ...                        AUG 1 0 2016
HARVEY RUVIN,                  Clerk of said County Courts
                        Deputy Clerk

```
NIKO THOMPSON
REGISTER NO. 81979-004
FEDERAL CORRECTIONAL COMPLEX USP-1
P.O. BOX 1033
COLEMAN, FLORIDA 33521
```

USMS INSPECTED

RECEIVED



TAMPA FL 33S
SAINT PETERSBURG F

```
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128
```

33128-771699