```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.: 16-24702-Civ-KING
                         CASE NO.: 14-20072-Civ-KING
                         CASE NO.: 09-20264-Cr-KING
                         MAGISTRATE JUDGE PATRICK A. WHITE
```

NIKO CANCIO THOMPSON,

    Movant,                          REPORT RE DISMISSAL
                                         FOR FAILURE TO OBTAIN
v.                                       AUTHORIZATION PURSUANT TO
                                         28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. Introduction

The movant, a federal prisoner, currently confined at the United States Penitentiary in Coleman, Florida, has filed this *pro se* motion for relief from judgment, pursuant to Fed.R.Civ.P. 60, which is in legal effect, an unauthorized successive §2255 motion to vacate. The motion was filed by the movant in his initial motion to vacate proceeding filed with this court, and assigned case no. 14-20072-Civ-King.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

Governing Section 2255 Proceedings.

The Court has reviewed the movant's motion (Cv-DE#1), together with all pertinent portions of the underlying criminal file, as well as, the movant's prior §2255 motion, assigned case nos. 14-20072-Civ-King.[2]

## II. Brief Procedural History

This court, recognizing that movant is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). In his motion, the movant suggests that the government and/or his court-appointed counsel committed "fraud, misrepresentation, or misconduct," when they informed the court that movant's prior state court conviction, entered in Miami-Dade County Circuit Court, case no. F97-34123, was based on a "guilty plea," as opposed to, a "no contest plea." (Cv-DE#1:2).

In support thereof, he has attached to his motion, a copy of an Order from the state trial court denying a Rule 3.850 motion for post-conviction relief, which reveals in pertinent part, that "[T]he defendant pled no contest to the charge of Aggravated Assault with a Deadly Weapon and Battery...," at which time he "received a withhold of adjudication and was sentenced to one year of reporting probation." (Cv-DE#1:9-Rule 3.850 Order of 8/10/16). He suggests the court therein noted that the movant had pleaded "no contest," that the parties made a material misrepresentation which may have affected the outcome of the initial §2255 proceeding. In

---

petitioner...."

[2]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

2

turn, he suggests that this misrepresentation somehow precluded the movant from fully presenting to the court his claim regarding counsel's deficiency during plea negotiations. (Cv-DE#1:5).

It, therefore, appears that the movant seeks vacatur of his convictions and sentences entered in 09-20264-Cr-King, on the basis that there was a defect in the integrity of his initial §2255 motion to vacate proceeding mentioned above. (Id.). As will be recalled, an evidentiary hearing was conducted in movant's initial §2255 proceeding, and a Report recommending that the motion be denied on the merits was adopted by Order entered on April 17, 2015. (14cv20072-DE#34). Movant appealed, and the Eleventh Circuit Court of Appeals in a 12-page written opinion denied movant's motion for a certificate of appealability because "reasonable jurists could not find debatable the district court's resolution of the claims..." (Id.-DE#43).

Therefore, contrary to the movant's representations before this court, the pleading he is relying upon from the state court is not the final judgment entered in case no. F97-34123. In fact, a certified copy of the finding of guilty entered in the state court case referenced above reveals that, the movant did, in fact, enter "a guilty plea." Therefore, his suggestion that his plea was, as represented in a post-conviction order, as a result of a no contest plea, is belied by the record. In fact, it may well be that the state post-conviction court in its order made a typographical error. Here, movant has not demonstrated that any fraud or misrepresentation has been perpetrated by either the government or

movant's counsel, as suggested herein.[3]

### III. Discussion

#### A. Rule 60(d) Motion

As a Rule 60(d) motion, the movant is not entitled to the relief requested. Federal Rule of Civil Procedure 60(d)(1) allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding," notwithstanding Rule 60's other provisions. When a defendant brings a Rule 60 motion, "the district court may appropriately construe it as a §2255 motion, and, if applicable, treat it as an unauthorized second or successive motion." Galatolo v. United States, 394 Fed. Appx. 670, 671 (11th Cir. 2010) (citing Williams v. Chatman, 510 F.3d 1290, 1293–95 (11th Cir. 2007)); see also Galatolo v. United States, 196 Fed. Appx. 854, 857 (11th Cir. 2006) ("[T]he general rule is well-established that a collateral attack upon a federal conviction and sentence must be brought pursuant to § 2255."); see also, Gupta v. U.S. Atty. Gen'l, 556 Fed.Appx. 838 (11th Cir. 2014).

Where, in a Rule 60 motion, a petitioner challenges the validity of his conviction or sentence by "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim on the merits," the motion is properly construed as a §2255 motion. See Williams, 510 F.3d at 1293–94 (quoting Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641,

---

[3]By separate Order the undersigned is filing a copy of the state court Finding of Guilt and Order Withholding Adjudicating and Special Conditions, which can also be found on the court's on-line docket in the underlying criminal case, 09-20264-Cr-King, at DE#230-1. Moreover, the undersigned is also filing a copy of the state court docket in case no. F97-34123.

4

2648, 162 L.Ed.2d 480 (2005)); see also Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011); see also United States v. Winston, 346 Fed. Appx. 520, 522 (11th Cir. 2009). If construed as a second or successive §2255 motion, absent an order from the Eleventh Circuit authorizing the successive motion, the district court lacks subject matter jurisdiction. See Williams, 510 F.3d at 1295.

In this latest proceeding, petitioner is not entitled to Rule 60(b) motion for relief because he has not demonstrated that there was a fundamental defect in his initial §2255 proceedings. For the reasons previously stated, this motion is, in legal effect, movant's attempt to seek vacatur and reconsideration of his convictions and sentences without first obtaining permission from the Eleventh Circuit. This he cannot do.

Under Gonzalez, the Rule 60 motion is properly construed as a second or successive §2255 motion. Because petitioner has not obtained an order authorizing such a petition, it must be dismissed for lack of subject matter jurisdiction. See, e.g., United States v. Cone, 525 Fed.Appx. 823, 825 (10th Cir. 2013) (affirming the district court's treatment of Rule 60(d) motion as a second or successive §2255 motion and dismissal for lack of jurisdiction where the defendant failed to obtain prior authorization from court of appeals); Maye v. United States, 2010 WL 4279405 (M.D.Fla. Oct. 25, 2010) (dismissing for lack of jurisdiction upon finding that the "complaint/motion pursuant to Rule 60(d)(1) [was] effectively a second or successive claim for relief under Section 2255 for which Petitioner must apply to the Eleventh Circuit for permission to raise in this Court"). Accordingly, the motion, to the extent treated as a Rule 60 motion in the initial §2255 proceeding, should

5

be dismissed.

### B. Unauthorized Successive 2255

As a second §2255 motion, the motion is also subject to dismissal. As previously narrated, a review of the records of this court establishes that movant filed a prior collateral attack to the constitutionality of his criminal convictions and sentences, properly opened as motions to vacate, pursuant to the provisions of 28 U.S.C. §2255, and which is also the subject of attack in this proceeding. See Thompson v. United States, Case No. 14-20072-Civ-King (S.D. Fla. 2014). It was denied on the merits following an evidentiary hearing, and that denial was subsequently affirmed on appeal.

In this latest 2016 proceeding, he again challenges the constitutionality of his convictions and sentences, claiming that he is actually innocent of the charged offenses and resulting sentences. "[B]efore a second or successive application is permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. §2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. §2244(b)(2)]." See 28 U.S.C. §2244(b)(3)(B) and (C).

6

A federal prisoner can file a second or successive §2255 motion if that motion is the result of new evidence of innocence or of a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court. See 28 U.S.C. §2255(h)(1)-(2). A second or successive petition, however, must be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law. See Id., See also United States v. Bell, 447 Fed.Appx. 116 (11th Cir. Nov. 18, 2011)(unpublished decision) (stating that appellant's "Motion for Clarification"—in which he claimed that district court lacked jurisdiction to impose his mandatory life sentences because government's 21 U.S.C. §851 notice of sentence enhancement was defective—"is properly construed as a motion to vacate under 28 U.S.C. §2255," over which the district court lacked jurisdiction because appellant "had already filed a §2255 motion" and had not obtained authorization from the Eleventh Circuit to file another one).

Here, the movant's 2014 motion to vacate proceeding, assigned case no. 14-20072-Civ-King constituted adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. §2244(b)(3). Thus, the movant's only remedy lies in filing an application with the Eleventh Circuit Court of Appeals seeking leave to file a successive §2255 motion. The movant has not demonstrated here that he has done so, nor does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corr's, 301 F.3d 1287, 1288 (11th Cir.), cert. den'd, 536 U.S. 980 (2002).

7

As noted previously, the movant has previously filed a prior §2255 motion. Therefore, he is now required to secure the permission of the Eleventh Circuit before this Court can consider this latest motion. See Ramos v. Warden, FCI Jesup, 502 Fed.Appx. 902, 904 (11th Cir. 2012). Specifically, 28 U.S.C. §2255(h) provides that "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). There is no indication that movant has done so here. As such, movant's §2255 motion should be dismissed for lack of jurisdiction. See United States v. Mosqueda, 2013 WL 4493581, at *2 (N.D. Fla. Aug. 19, 2013)(dismissing a petitioner's §2255 motion based in part on Alleyne for failing to seek permission from the court of appeals to file a second §2255 motion).

While movant's challenge to his convictions and sentences may be cognizable under an initial 28 U.S.C. §2255(a), he has already filed, and had denied on the merits, a prior motion to vacate pursuant to 28 U.S.C. §2255. Therefore, the instant motion is clearly successive, subject to dismissal for his failure to seek authorization from the Eleventh Circuit to file another §2255 motion. See United States v. Searcy, 448 Fed.Appx. 984 (11th Cir. 2011), cert. den'd, __ U.S. __, 132 S.Ct. 2784 (2012)(citing, 28 U.S.C. §2255(h)).

Further, even if movant had sought permission from the Eleventh Circuit to file a successive §2255 motion, his claim fails to meet the statutory criteria permitting a second habeas petition. A circuit court of appeals may only allow such a motion when it contains:

>    (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S. §2255(h).

Thus, this Court lacks jurisdiction to consider movant's present motion because it is a second or successive motion under §2255. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). As such, movant must obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the motion. 28 U.S.C. §§2244(b)(3), 2255(h).

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). See Cate v. Ayers, 2001 WL 1729214, *3 (E.D.Cal. 2001)(holding that the law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim). The movant will be provided with a form to apply for such authorization with this report.

### IV.  Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order

9

adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this

argument to the attention of the district judge in objections.

## V. Conclusion

For all of the foregoing reasons, this 2016 proceeding should be dismissed as follows: (1) as a Rule 60 motion, the movant has not demonstrated that a fundamental defect in the initial §2255 proceeding (case no. 14-20072-Civ-King) warrants vacatur of the judgment entered therein and reconsideration of the constitutionality of his convictions and sentences in criminal case no. 09-20264-Civ-King; and, (2) as a second §2255 motion to vacate, that it be dismissed for lack of jurisdiction, as an unauthorized successive §2255 motion to vacate because movant has not obtained certification required by 28 U.S.C. §2244 (b)(3)(A) from the Eleventh Circuit Court of Appeals. It is further recommended that all pending motions, not otherwise ruled upon be dismissed as moot, that no certificate of appealability issue, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 22nd day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Niko Thompson, Pro Se
    Reg. No. 81979-004
    U.S.P. - Coleman I
    Inmate Mail/Parcels
    P.O. Box 1033
    Coleman, FL 33521

11

```
Elina A. Rubin-Smith, AUSA
U.S. Attorney's Office
Special Prosecutions Section
James Lawrence King Federal Justice Building
99 N.E. 4th Street, Suite 800
Miami, FL 33132
Email: elina.rubin-smith@usdoj.gov
```